UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FERNANDO VILLALPANDO,<br><br>　　　　Defendant. | CR. NO. 2:07-00248-05 WBS<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)</u> |

----oo0oo----

Before the court are defendant Fernando Villalpando's motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket Nos. 1582, 1585.)

I. <u>Factual and Procedural History</u>

On June 24, 2009, the grand jury returned its Second Superseding Indictment charging defendant with conspiracy to distribute and possess at least fifty grams of methamphetamine and possession with intent to distribute at least five kilograms of cocaine. (Docket No. 420.) Defendant pled guilty pursuant to

1

a written plea agreement with the government filed on March 29, 2011. (Plea Agreement (Docket No. 827).) In the plea agreement, defendant agreed to a sentence of 240 months but did not agree to a specific drug quantity involved in the offenses, nor a specific offense level or the applicable Sentencing Guidelines range.

However, in the plea agreement, defendant agreed with the facts set forth in the attached Factual Basis. (Plea Agreement Ex. A.) That Factual Basis explained that defendant, beginning in about April 2004 and up to June 2007, agreed with Mario Diaz and others to distribute large quantities of methamphetamine and cocaine. Specifically, as part of a drug trafficking conspiracy, "in mid-2004, the defendant began providing multiple-pound quantities of methamphetamine and multiple kilogram quantities of cocaine" to others "for further distribution in the Northern California area." The Factual Basis also explained that defendant sold more than 100 pounds of methamphetamine to Diaz and agreed to sell 20 kilograms of cocaine to Diaz, which defendant then provided to two of his co-defendants for transport to Northern California. The presentence report also noted that defendant sold more than 100 pounds of methamphetamine to Diaz and provided multiple pounds of methamphetamine and multiple kilograms of cocaine to Diaz and others. (PSR ¶¶ 27-28, 35 (Docket No. 1467).)

The presentence report ultimately found that defendant's base offense level was 38, his total offense level was 35,[1] and his criminal history category was I. (PSR at 2a, ¶¶

---

[1] The presentence report found that a 3-level reduction was appropriate based on defendant's acceptance of responsibility

2

35-42.)  Under the Sentencing Guidelines, the resulting Guidelines range was 168-210 months, though the presentence report recommended a sentence of 240 months "[d]ue to the significance of the amount of controlled substances involved in the offense and the history and characteristics of the defendant."  (PSR 2a; see also PSR ¶¶ 69, 71-76.)

The court held a sentencing hearing on September 26, 2011.  (Sentencing Hr'g Tr. (Docket No. 1467).)  Hearing no objection from the parties, the court adopted the presentence report's findings and found that the applicable offense level was 35, the criminal history category was I, and the Guidelines range was 168-210 months.  After noting the parties' agreement on a sentencing of 240 months based on the "extraordinary amount of drugs trafficked by defendant," the court's familiarity with the evidence presented at the trials of his co-defendants, and the need to avoid sentencing disparities with his co-defendants, the court imposed the 240-month sentence.  (Sentencing Tr. 2-5, 7-8.)

In 2014, the U.S. Sentencing Commission issued Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."), reducing guidelines ranges for certain drug offenses by two offense levels.  In accordance with Congress's directive in 28 U.S.C. § 994(u), the Commission further determined that Amendment 782 should have retroactive effect for those currently serving terms of imprisonment.  See U.S.S.G. App. C, Amend. 782.

II. Discussion

Section 3582(c)(2) provides:

---

and his timely notification to the government of his intent to enter a guilty plea.

3

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'--namely, § 1B1.10." Dillon v. United States, 560 U.S. 817, 826 (2010). Courts have thus interpreted the statute to establish a "two-step inquiry." See id. at 826-27. "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id. at 826.

Defendant contends that Amendment 782 retroactively reduces his total offense level to 33, with an applicable amended Guidelines range of 135-168 months. (Def.'s Mot. 2.) He notes that the threshold for a base offense level of 38 at the time of sentencing was 150 kilograms of cocaine and 1.5 kilograms of actual methamphetamine, but now, after Amendment 782, the threshold amount is 450 kilograms of cocaine and 4.5 kilograms of actual methamphetamine. He further contends that there is insufficient evidence in the record for the court to find that

4

either of these higher threshold quantities are attributable to defendant. Defendant ultimately requests a sentence of 193 months, or about 15% over the high end of his purported new Guidelines range, comparable to his original sentence which was about 15% over the original Guidelines range.

Defendant's contention that there is insufficient evidence to support a base offense level of 38 under the revised Guidelines is not persuasive. While the court did not find at sentencing that defendant was responsible for any particular quantity of drugs, "district courts in § 3582(c)(2) proceedings may make additional findings on the drug quantity attributable to a defendant if those findings are necessary to determine the defendant's eligibility for a sentence reduction." United States v. Mercado-Moreno, 869 F.3d 942, 955 (9th Cir. 2017). In determining "whether the defendant is more likely than not responsible for the new quantity threshold under the retroactive Guidelines amendment," the court may consider, among other things, the sentencing transcript and portions of the presentence report that the sentencing court adopted. Id. at 957. Moreover, the court "may accept as true any facts in a PSR that the defendant did not object to at the time of sentencing." Id.

Here, the court adopted in full the findings of the presentence report, and the presentence report specifically found that defendant sold more than 100 pounds of methamphetamine to Mario Diaz during the conspiracy. Defendant did not object to this finding or any other finding of the presentence report, and also agreed, as part of the plea agreement accepted by the court, to the Factual Basis which stated that defendant sold more than

5

1 | 100 pounds of methamphetamine to Mario Diaz during the
2 | conspiracy.  Similarly, the presentence report found, and
3 | defendant agreed to the Factual Basis stating, that defendant
4 | provided multiple-pound quantities of methamphetamine to others
5 | for distribution.
6 | Based on the foregoing, the court hereby expressly
7 | finds what is implicit in its prior sentence: that defendant is
8 | responsible for possessing and distributing more than 4.5
9 | kilograms of actual methamphetamine as part of the drug
10 | trafficking conspiracy alleged in the indictment, under a
11 | preponderance of the evidence.  See Mercado-Moreno, 869 F.3d at
12 | 957-58 (the district court is not required to find a specific
13 | quantity of drugs and may approximate the weight using
14 | circumstantial evidence).  Thus, defendant's base offense level
15 | remains 38, and his Guidelines range of 168-210 months has not
16 | been changed by Amendment 782.  Accordingly, defendant is
17 | ineligible for a sentencing reduction, and his request for a
18 | lower sentence must be denied.  See U.S.S.G. § 1B1.10 ("[A]
19 | reduction in the defendant's term of imprisonment . . . is not
20 | authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment]
21 | does not have the effect of lowering the defendant's applicable
22 | guideline range.").
23 | IT IS THEREFORE ORDERED that defendant's motion for
24 | reduction of sentence pursuant to § 3582(c)(2) be, and the same
25 | hereby is, DENIED.
26 | Dated:  November 2, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE